UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRY WASILEWSKI, :
    Plaintiff, :
: No. 3:10-cv-01857-WWE
v. :
:
THE RAYMOND CORPORATION, :
ABEL WOMACK, INC., :
    Defendants.

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this action, plaintiff Terry Wasilewski has filed a complaint seeking relief under the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat. § 52-577m *et seq.* (2010). Specifically, plaintiff alleges that a defective Raymond Corporation ("Raymond") forklift malfunctioned, causing her serious injury.

Raymond has filed a motion for summary judgment, arguing that plaintiff's claims are time-barred as a matter of law. For the following reasons, the motion for summary judgment will be granted.

## BACKGROUND

The parties have submitted statements of facts with accompanying exhibits and affidavits that reveal the following factual background.

At all relevant times, plaintiff was an employee of the Dayville Distribution Center of the Rite Aid Corporation ("Rite Aid"), located at 500 Forbes Road in Dayville, Connecticut. While working on November 12, 2008, plaintiff was operating a Raymond forklift that allegedly malfunctioned causing her serious injuries. Plaintiff brought this action against Raymond on November 1, 2010.

1

On December 3, 2010, Rite Aid asserted derivative claims to recover payments made to Wasilewski pursuant to the Connecticut Worker's Compensation Act. Both Wasilewski and Rite Aid assert that the Raymond forklift was defective within the meaning of the CPLA. Conn. Gen. Stat. §52-577m *et seq*.

Plaintiff's counsel has identified the serial number of the forklift at issue as 021-90-05240. The term 90 appearing in the serial number signifies that the forklift was manufactured in 1990. The forklift was sold by Raymond to Heubel Material Handling, an authorized Raymond dealer, and shipped to a customer in Troy, Missouri in April, 1990. The forklift was subsequently acquired by plaintiff's employer, Rite Aid.

Begining January 1, 2007, per contract, maintenance and repair work for forklifts located at Rite Aid's Dayville Distribution Center was performed by Abel Womack, Inc. ("Abel Womack"), a Raymond authorized dealer. In addition, records indicate that Abel Womack performed repair work on the forklift in question prior to 2007. Specifically, a service job sheet indicates that a new drive tire was installed in January, 2006.[1] The job sheet contains a handwritten notation, "Raymond Warranty (Parts Only)."

## DISCUSSION

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

---

[1] The service ticket shows two dates: "1/4/05" at the top, and "1/4/06" at the bottom. For purposes of this decision, the "1/4/06" date (the date more favorable to plaintiff) is assumed to be correct.

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

STATUTE OF REPOSE

Connecticut imposes an absolute repose period in products liability cases after

the expiration of ten years, commencing from the date the manufacturer or seller last parted with possession or control of the product. Conn. Gen. Stat. § 52-577a(a) (2010).[2]  Unless possession or control is demonstrated as sufficiently continuing after sale, the running of the repose period is commenced.  Surrounding circumstances determine whether a post-sale servicing arrangement constitutes continuing "possession or control" of a product, and "factors to consider include the number of service calls made by the defendant, whether or not those calls were made pursuant to a service contract, and the extent of the defendant's influence over the maintenance and operation of the machine." Thomas v. Mazak Corp., 234 F. Supp. 2d 135, 139 (D. Conn. 2002).

In Daily v. New Britain Machine Co., the Connecticut Supreme Court granted the defendant summary judgment after finding a courtesy check and service call on the product (a molding machine) insufficient to demonstrate continued possession or control. 200 Conn. 562, 569 (1986).  In contrast, this Court denied summary judgment where the plaintiff demonstrated that the defendant performed extensive service on a helicopter, thus extending the ten-year limitations period.   In Nicholson v. United Technologies Corp., the defendant had possession of the helicopter for more than five months and written contracts required the defendant to both inspect and repair the product, including the portions containing the alleged defect.  697 F. Supp. 598, 601 (2d Cir. 1988).

---

[2] §52-577a(c) limits the ten year statute of repose to situations, as here,  where the claimant is entitled to receive worker's compensation benefits.

Finally, in Thomas v. Mazak Corp., this Court found that eleven service calls made within ten years of the complaint, but more than ten years after the initial sale of a CNC lathe, were not sufficient to toll the statute of repose. 234 F. Supp. 2d at 139-40. In Mazak, the Court looked to the defendant's lack of control over the plaintiff's maintenance options, use of particular parts, service providers, or staffing operators.

In the present case, although Rite Aid had a written service agreement with Abel Womack, who used Raymond parts, there is no evidence that Raymond controlled the plaintiff's options with regard to maintenance, parts, service or staff. Nor is there evidence that Raymond had possession of the forklift any time after the initial 1990 sale. Since Raymond did not have continuing possession or control of the forklift after the initial sale, the ten-year statute of repose began to run at that time. Conn. Gen. Stat. § 52-577a(a). Because Raymond sold the forklift in 1990, and suit was not filed until 2010, the ten-year statute of repose would bar the plaintiff's action against Raymond, absent some exception.

## THE EXPRESS WRITTEN WARRANTY EXCEPTION

Connecticut's ten year repose period in products liability cases can be extended pursuant to the terms of an express written warranty that the product can be used for a period longer than ten years. Conn. Gen. Stat. § 52-577a(d) (2010). Plaintiff claims that the handwritten warranty on the Abel Womack service job sheet, "Raymond Warranty (Parts Only)," may act as such an express warranty. It does not.

The job sheet warranty accompanied and corresponded to the contemporaneous replacement of the forklift's drive tire. It is clear from the "parts only" modifier that the

warranty referred only to the new tire and associated new parts. The Raymond warranty for wearable components, such as tires, expires after four months. Therefore, the parts warranty had expired on May 4, 2006, more than two years before the alleged malfunction, and more than four years before this action was commenced.

More importantly, a mere warranty on parts is not an express warranty on the underlying product's useful life. If such were the case, any product for which warrantied replacement parts were sold would be unprotected by Connecticut's ten year limitation on product liability claims. *See* Conn. Gen. Stat. § 52-577a(d).

## **CONCLUSION**

For the reasons set forth above, defendant Raymond's motion for summary judgment [doc. #69] is GRANTED.

Dated this 20th day of September, 2011 at Bridgeport, Connecticut.

                                        /s/

                        WARREN W. EGINTON
                        SENIOR UNITED STATES DISTRICT JUDGE