UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRY WASILEWSKI,                    :
            Plaintiff,               :
                                     :      No. 3:10-cv-01857-WWE
v.                                   :
                                     :
THE RAYMOND CORPORATION,             :
ABEL WOMACK, INC.,                   :
            Defendants.

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

In this action, plaintiff Terry Wasilewski has filed a complaint seeking relief under

the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat. § 52-577m *et seq.*

(2010).  Specifically, plaintiff alleges that a defective Raymond Corporation

("Raymond") forklift, serviced by Abel Womack Inc. ("Abel Womack"), malfunctioned,

causing her serious injury.

Defendants have filed a Motion to Dismiss portions of Plaintiff's Amended

Complaint [#70] for failure to state a claim upon which relief can be granted.  For the

following reasons, the Motion to Dismiss will be granted in part and will be found moot

in part.

**BACKGROUND**

The parties have submitted statements of facts with accompanying exhibits and

affidavits that reveal the following factual background.  For purposes of ruling on a

motion to dismiss, the Court accepts all allegations of the complaint as true.

At all relevant times, Plaintiff was an employee of the Dayville Distribution Center

of the Rite Aid Corporation ("Rite Aid"), located at 500 Forbes Road in Dayville,

1

Connecticut. While working on November 12, 2008, Plaintiff was operating a Raymond forklift, serviced by Abel Womack, that allegedly malfunctioned causing her serious injuries.

Begining January 1, 2007, per contract, maintenance and repair work for forklifts located at Rite Aid's Dayville Distribution Center was performed by Abel Womack, a Raymond authorized dealer. In addition, records indicate that Abel Womack performed repair work on the forklift in question prior to 2007. Specifically, a service job sheet indicates that a new drive tire was installed in January, 2006.

Plaintiff brought this action against the Defendants on November 1, 2010, asserting that the forklift was defective within the meaning of the CPLA. Conn. Gen. Stat. §52-577m *et seq*.

On May 17, 2011, Plaintiff filed a Second Amended Complaint to add recklessness counts and corresponding punitive damages pursuant to Conn. Gen. Stat. § 52-240b. The Second Amended Complaint also added claims for attorney's fees pursuant to Conn. Gen. Stat. § 52-240a.

Defendants have now moved, pursuant to Rule 12(b)(6), to dismiss the above additional claims for failure to state a claim. The following discussion pertains only to Defendant Abel Womack because Raymond's Motion for Summary Judgment [#69] has been granted.

## **DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support

thereof." <u>Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. <u>Hishon v. King</u>, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

<u>RECKLESSNESS/PUNITIVE DAMAGES CLAIMS</u>

Punitive damages may be awarded in Connecticut products liability actions where a Plaintiff can show that harm suffered was the result of a product seller's reckless disregard for the safety of product users, consumers, or others who were injured by the product. Conn. Gen. Stat. § 52–240b. The Restatement (Second) of Torts defines Reckless Disregard of Safety:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent. Rest. 2d Torts § 502.

The Plaintiff's complaint provides: "The Defendant had knowledge of multiple serious injuries and related litigation due to its defective and unreasonably dangerous forklifts yet deliberately chose not to modify or make any reasonable accommodations for such safety concerns." Am. Compl. Second Count ¶8(k). Plaintiff further contends

3

that her injury resulted from the Defendant's reckless disregard of safety.

Nonetheless, knowledge by the Defendant of other injuries and litigation is not enough to substantiate reckless disregard at the pleadings stage. "To furnish a basis for recovery of punitive damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Label Systems Corp. v. Aghamohammadi, 270 Conn. 291, 335 (2004). Here, Plaintiff has not alleged or shown wanton or wilful malicious misconduct. Accordingly, the recklessness claims must be dismissed. However, the Court will afford the Plaintiff the opportunity to replead this claim for recklessness.

ATTORNEY'S FEES CLAIMS

"If the court determines that the claim or defense is frivolous, the court may award reasonable attorney's fees to the prevailing party in a products liability action." Conn. Gen. Stat. § 52–240a.

The Plaintiff's amended complaint contains no allegations that the Defendant's defenses are frivolous. More importantly, under this Court's Local Rules of Civil Procedure, motions for attorney's fees shall be filed within 30 days of the entry of judgment. The Claim for attorney's fees will be dismissed without prejudice to replead.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss [doc. #70] is GRANTED in part, and MOOT in part. The Motion to Dismiss is GRANTED as to claims for attorney's fees pursuant to Conn. Gen. Stat. § 52-240a. The Motion to Dismiss is GRANTED as

to the Count Five recklessness claims and corresponding punitive damages pursuant to Conn. Gen. Stat. § 52-240b.  The Motion to Dismiss is MOOT as to the Count Four claims against Defendant Raymond because Raymond's Motion for Summary Judgment has been granted and Raymond is therefore no longer a party defendant. Plaintiff may e-file an Amended Complaint consistent with this ruling within 15 days of this ruling's filing date.

DATED this 20th day of September, 2011 at Bridgeport, Connecticut.


_____/s/_____

WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE