UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERRY WASILEWSKI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:10 CV 1857 WWE |
| | : | |
| THE RAYMOND CORPORATION, | : | |
| ABEL WOMACK, INC. | : | |
|     Defendant. | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Terry Wasilewski brought this action seeking relief under the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat. § 52-577m *et seq*. Specifically, plaintiff alleges that a defective forklift malfunctioned, causing her serious injury.

Defendant Abel Womack, Inc. has moved to dismiss the third count of plaintiff's third amended complaint as well as the portion of plaintiff's prayer for relief that seeks punitive damages. For the following reasons, defendant's motion to dismiss will be denied.

**BACKGROUND**

The parties have submitted statements of facts with accompanying exhibits and affidavits that reveal the following factual background. For purposes of ruling on a motion to dismiss, the Court accepts all allegations of the complaint as true.

At all relevant times, plaintiff was an employee of the Dayville Distribution Center of the Rite Aid Corporation ("Rite Aid"), located at 500 Forbes Road in Dayville, Connecticut. While working on November 12, 2008, plaintiff's forklift, serviced by Abel Womack, allegedly malfunctioned causing her serious injury.

Beginning January 1, 2007, per contract, maintenance and repair work for forklifts located at Rite Aid's Dayville Distribution Center was performed by Abel Womack. In addition,

records indicate that Abel Womack performed repair work on the forklift in question prior to 2007.  Plaintiff brought this action on November 1, 2010, asserting that the forklift was defective within the meaning of the CPLA. Conn. Gen. Stat. §52-577m *et seq*.

On May 17, 2011, plaintiff filed a second amended complaint to add a recklessness count and corresponding punitive damages pursuant to Conn. Gen. Stat. § 52-240b.  Defendant moved to dismiss the additional count for failure to state a claim.  On September 21, 2012, the Court issued an order granting defendant's motion to dismiss the recklessness count and punitive damages claims, but allowed plaintiff an opportunity to replead.  On September 23, 2011, attempting to correct the prior deficiencies, plaintiff submitted a third amended complaint.

Defendant has again moved to dismiss the recklessness count and the corresponding punitive damages claims pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## RECKLESSNESS and PUNITIVE DAMAGES CLAIMS

Punitive damages may be awarded in Connecticut products liability actions where a plaintiff can show that harm suffered was the result of a product seller's reckless disregard for the safety of product users, consumers, or others who were injured by the product. Conn. Gen. Stat. § 52–240b. The Restatement (Second) of Torts § 502 defines Reckless Disregard of Safety:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

Rest. 2d Torts § 502.  "One is guilty of reckless misconduct when knowing or having reason to know of facts which would lead a reasonable [person] to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result ..." McKnight v. Electric Services, Inc., 2007 WL 1599831 at *4 (Conn. Super. Ct. 2007).  "To furnish a basis for recovery of punitive damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Label Systems Corp. v. Aghamohammadi, 270 Conn. 291, 335 (2004).

The Court previously dismissed plaintiff's recklessness count because the earlier version of the complaint merely alleged knowledge by defendant of multiple serious injuries and related litigation involving forklifts.  Thus, the Court found the allegations insufficient to substantiate reckless disregard.

Defendant argues that plaintiff's third amended complaint has again failed to adequately

allege reckless disregard.  Essentially, defendant faults plaintiff for doing little more than labeling defendant's behavior as reckless.

Nonetheless, the third count of plaintiff's third amended complaint does contain new allegations.  Specifically, the new complaint alleges that defendant (1) deliberately continued to sell forklifts without warning to unsophisticated buyers as to operator safety risks caused by a lack of a foot guard device; (2) knew or should have known of ongoing equipment failures associated with the forklift as confirmed by maintenance records documenting repair work to the forklift in the years leading up to plaintiff's accident; and (3) disregarded reports of ongoing equipment failures associated with the forklift, repeatedly returning it back into service for use by plaintiff.

Accepting these allegations as true and drawing all reasonable inferences in favor of plaintiff, the allegations are now sufficient to render the recklessness claim both plausible and legally cognizable.  Therefore, defendant's motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the third count of plaintiff's third amended complaint as well as the portion of plaintiff's prayer for relief that seeks punitive damages is DENIED.

Dated this 14th day of June, 2012 at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE