UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TERRY WASILEWSKI,
        Plaintiff,

    v.                              CASE NO. 3:10-cv-1857 (VAB)

ABEL WOMACK, INC,
        Defendant.

## RULING ON MOTIONS *IN LIMINE*

Plaintiff, Terry Wasilewski, brought this action seeking relief under the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat. §52-572m *et seq*..  Fourth Am. Compl., ECF No. 160-1.  She claims that a defective forklift, manufactured by Raymond Corporation ("Raymond") and sold and serviced by the Defendant Abel Womack, Inc. ("Abel Womack"), caused her serious injury due to its defective design while she was employed at Rite Aid Corporation ("Rite Aid").  Ms. Wasilewski intends to make claims against Abel Womack under the following theories of liability: design defect, negligent testing, misrepresentation, and breach of implied and express warranties.  Trial Memo. ¶1, ECF No. 176; *see also* Fourth Am. Compl. ¶¶ 8(a)-(i), ECF No. 160-1.  Pending before the Court are thirty-five motions *in limine* filed by both sides.  Mots. *in Limine*, ECF Nos. 183-85, 208-210, 212-240.

In ruling on a motion *in limine*, the Court makes a "preliminary determination on the admissibility of the evidence" and its ruling is "subject to change when the case unfolds." *Murray v. Town of Stratford*, No. 3:11 CV 629 (JGM), 2014 WL 3700982, at *2 (D. Conn. July 25, 2014) (citations and internal quotation marks omitted).  "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument

at, or interruption of the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation and internal quotation marks omitted).  The Court should exclude evidence in resolving a motion *in limine* "only when [it] is clearly inadmissible on all potential grounds."  *Ziemba v. Lynch*, No. 3:11-cv-717(SRU)(WIG), 2011 WL 4633117, at *1 (D. Conn. Oct. 4, 2011) (citation omitted); *Romanelli v. Long Island R.R. Co.*, 898 F. Supp. 2d 626, 629 (S.D.N.Y. 2012) (citation omitted).

## I.     Defendant's Omnibus Motion *in Limine* (ECF No. 183)

Abel Womack has filed an "omnibus" motion seeking to exclude the following eleven categories of evidence: (1) past testimony by Raymond or Abel Womack employees in other cases; (2) stipulations made in other cases; (3) unknown, unavailable, or unauthenticated Raymond or Abel Womack documents; (4) interpretations of Raymond or Abel Womack documents; (5) improper or inflammatory comments by counsel and references to infamous litigation or litigants; (6) Ms. Wasilewski's financial hardship due to medical bills; (7) Abel Womack's revenue, profits, or financial status; (8) Abel Womack's servicing of forklifts at Rite Aid; (9) testimony or other evidence suggesting a defect or inadequacy in the warnings and instructions in the manuals and decals for the Model 21 forklift; (10) reference to the Model 21 forklift's emergency power disconnect or battery connection; and (11) criticism of Raymond and/or its products.  Omnibus Mot. *in Limine*, ECF No. 183.

All of these categories are too broad for the Court to grant Abel Womack's motion to exclude them.  *See Davis v. City of Stamford*, No. 3:95 CV 2518 (JGM), 1998 WL 849369, at *1 (D. Conn. Nov. 16, 1998) ("'[o]rders *in limine* which exclude broad categories of evidence should rarely be employed.'") (quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975)) (alterations in original).  For example, with respect to the first two categories, Abel Womack gives no indication of what other cases or

stipulations it would like the Court to exclude.  Depending on the facts and circumstances, testimony or stipulations from other cases may be admissible.  *See e.g.*, *Azalea Fleet, Inc. v. Dreyfus Supply Machinery Corp.*, 782 F.2d 1455, 1460-61 (8th Cir. 1986) (upholding the district court's decision to admit testimony of a witness from a prior trial in another matter under Federal Rule of Evidence 804(b)(1)); *see generally* Fed. R. Evid. 804(b)(1) (noting, as an exception to the rule against hearsay, that prior testimony "at a trial, hearing, or lawful deposition" may be admissible against a party whose "predecessor in interest" had sufficient opportunity to develop that testimony "by direct, cross-, or redirect examination"); *see also Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1142 (5th Cir. 1992) (noting that judicial admissions by a party's counsel in an arbitration proceeding may be admissible as evidence in a separate district court proceeding but are not "conclusive and binding in a separate case from the one in which [they] were made").

It is also entirely speculative that Ms. Wasilewski will seek to admit evidence or make arguments in categories three (unknown or unavailable documents) and five (improper or inflammatory comments).  Abel Womack's motion does not demonstrate with certainty that Ms. Wasilewksi will seek to use either.  Moreover, granting Abel Womack's motion on these categories would generate too generalized a ruling that would be difficult to interpret and even harder to enforce practically at trial.

Several of the categories Abel Womack seeks to exclude also go to the heart of Ms. Wasilewski's case, such as categories four (interpreting Abel Womack documents), six (plaintiff's financial hardships), and eleven (criticisms of Raymond or its products).  Category seven may be also be relevant to liability, because Abel Womack's revenue may be relevant in assessing the cost and feasibility of an alternative design.  *See Potter v. Chicago Pneumatic Tool*

3

*Co.*, 241 Conn. 199, 221 (1997) (holding that a in a design defect case, a jury may consider the cost and feasibility of an alternative or improved design).  Accordingly, if properly introduced, evidence in some of these categories may be admissible.

Finally, the Court agrees that it has dismissed Ms. Wasilewski's negligent service and failure to warn claims, Summ. J. Ruling 9-10, ECF No. 150, but does not have enough information about what evidence specifically Abel Womack seeks to preclude in categories eight and nine.  Similarly, it does not have enough information to understand fully and decide whether the evidence in category nine is relevant and admissible.

Thus, the Court has insufficient information to decide on these requests at this time.  The motion is **DENIED** in its entirety, without prejudice to renewal at trial.

## II.     Defendant's Motion *in Limine* No. 12 and Motion to Strike Plaintiff's Supplemental Expert Disclosure (ECF Nos. 184, 209)

Abel Womack seeks to exclude all references by Ms. Wasilewski and her counsel or witnesses she offers to "'other incidents' not substantially similar to the incident and alleged defect at issue in this case."  Mot. *in Limine* No. 12, ECF No. 184.  In particular, Abel Womack asks the Court to exclude (1) accident reports involving lift trucks manufactured by Crown Equipment Corporation ("Crown"), one of Raymond's competitors; (2) complaints against Raymond from other lawsuits; and (3) reports of other incidents involving Raymond lift trucks produced by Rite Aid.  Def.'s Br. 7-11, ECF No. 184-1.

Evidence of other accidents may be admissible in a product liability action to show "the existence of a particular physical condition, situation, or defect," so long as the offering party can show that the accidents were substantially similar to the one at issue.  *Hall v. Burns*, 213 Conn. 446, 451-52 (1990) (internal quotation marks omitted) ("A party attempting to offer evidence of prior accidents or 'evidence of the experience of others' has the burden of proving [ ]that the

4

circumstances were substantially the same as those under which the plaintiff was injured, and that the use by others was substantially similar to that of the plaintiff.") (citations omitted). Other accidents are also subject to the Court's determination that their probative value not outweigh any prejudicial impact they may have on the jury.  *See* Fed. R. Evid. 403.  The Court is also mindful that "'when a claim is made for the showing of prior accidents, an element of a trial on collateral issues, sometimes termed a trial within a trial, is introduced with [the] real possibility of undue delay.'"  *Pickel v. Automated Waste Disposal, Inc.*, 65 Conn. App. 176, 185 (Conn. App. Ct. 2001) (quoting *Kelsay v. Consol. Rail Corp.*, 749 F.2d 437, 443 (7th Cir. 1984) (alteration in original)).  Accordingly, the admissibility of prior accidents presents a question of balancing the competing concerns of efficiency, relevance, and any prejudicial effect.

Because the admissibility of other accidents depends on their similarity to Ms. Wasilewski's accident, the Court cannot determine their admissibility without an evidentiary foundation of how Ms. Wasilewski's accident occurred.  *See Pickel*, 65 Conn. App. at 186 (upholding a trial court's decision to exclude evidence of prior accidents, which the plaintiff sought to introduce "without having first established the circumstances under which her accident occurred"); *accord Alford v. Todco, Div. of Dallas Corp.*, No. CIV-88-731E, 1991 WL 207373, at *1 (W.D.N.Y. Oct. 1, 1991) (precluding evidence of other accidents because the Court did not have sufficient information to determine whether the other accidents were "sufficiently similar to the situation presented by the case at bar" when the motion *in limine* was filed).  Accordingly, the Court will await the facts of Ms. Wasilewski's accident to make a decision about the admissibility of other accidents.

Aside from general relevance and similarity arguments addressed above, Abel Womack makes several arguments specific to the three categories of evidence it seeks to exclude.  The Court will address each of these in turn.

With respect to the Crown accident reports, Abel Womack argues that the reports are inadmissible hearsay and unauthenticated.  Def.'s Br. 7, ECF No. 184-1.  The Court has insufficient proof of such deficiencies at this time to exclude these reports on that basis.  However, the Court notes that documentary evidence must be properly authenticated as required under the Federal Rules of Evidence to be admissible at trial.  *See* Fed. R. Evid. 901-902; *see also American Law of Products Liability 3d* §54:56 (3d ed. 2015) ("In general, documentary evidence must be authenticated before it can be admitted into evidence in a products liability case.").  Hearsay is also not admissible unless it is subject to an exception.  *See* Fed. R. Evid. 802.

Abel Womack also argues that Ms. Wasilewski will attempt to admit inappropriately the Crown accident reports through expert testimony, and that the expert in question did not prepare the underlying data.  Def.'s Br. 7-8, ECF No. 184-1.  Expert witnesses may testify to opinions based on hearsay or other inadmissible evidence where experts in that field reasonably rely on such evidence in forming their opinions.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993); *see also* Fed. R. Evid. 703 advisory committee's note (2000).  Moreover, the Court has already denied a *Daubert* motion on Ms. Wasilewski's expert, Frederick Heath, and decided that his testimony is proper for an expert.  *See* Ruling on Mot. to Strike Heath Testimony, ECF No. 150.  Accordingly, as long as Mr. Heath lays a proper foundation for the reports, he may testify about them.

Abel Womack also argues that the complaints from other lawsuits involving Raymond are not proper evidence, and that they are inadmissible because they are unauthenticated and contain hearsay.  Def.'s Br. 10, ECF No. 184-1.  Ms. Wasilewski indicates that she also plans to introduce these through her expert, Mr. Heath, as evidence of other similar accidents.  Opp. Br. 4, ECF No. 190.  Allegations in complaints are not evidence.  *See Welch-Rubin v. Sandals Corp.*, No. 3:03CV481(MRK), 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (in the context of summary judgment); *accord Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 810 (7th Cir. 2003) ("Allegations in a complaint are not evidence.").  Nor do they present a complete and factually accurate picture of what necessarily occurred.  To the extent that Mr. Heath relies exclusively on the allegations in these complaints to establish the facts of other accidents, the Court does not believe that his methodology is reliable.  However, the Court does not have a clear picture, at this time, of precisely how these complaints fit into his analysis.

Abel Womack also has moved in another motion *in limine*, to exclude a supplemental expert witness disclosure provided in May 2015, over a year after discovery had closed and over two years after the deadline for expert disclosures had passed.  Mot. to Strike Suppl. Expert Disclosure, ECF No. 209.  The supplemental disclosure relates to Mr. Heath's testimony about complaints from other lawsuits filed against Raymond.  *Id.*  Ms. Wasilewski argues that this supplemental disclosure should be permitted because her expert's vision of the case evolved over the course of discovery.  Opp. Br. 1-2, ECF No. 281.

In assessing a late disclosure of an expert report, the Court must consider "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Softel,*

*Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (citation omitted).  Ms. Wasilewski offers the Court no reason for providing this disclosure after the close of discovery.  Moreover, the Court explicitly allowed some prior late disclosures and provided Abel Womack addition time for discovery on issues related to those disclosures.  Order dated Jan. 23, 2014, ECF No. 148.  Because this late disclosure was provided after the close of discovery, Abel Womack has not had a chance to conduct discovery on it.[1]  Finally, for the reasons noted above, the Court does not believe that the analysis of other complaints will be particularly probative, given that complaints are not evidence or even necessarily facts that are true.  Accordingly, Abel Womack's motion seeking to exclude Ms. Wasilewski's supplemental expert disclosure, ECF No. 209, is **GRANTED**.

Finally, Abel Womack argues that while the Rite Aid reports will likely qualify for the business records exception to the prohibition on hearsay, they contain statements that are hearsay.  Def.'s Br. 10, ECF No. 184-1.  The Court has no basis upon which to rule that the entire reports constitute inadmissible hearsay.  Nor does it have sufficient information about the types of statements contained in these reports that Abel Womack contends are second-level hearsay.

Accordingly, Abel Womack's motion, ECF No. 184, is **DENIED** in its entirety without prejudice to renewal at trial.  However, the expert analysis relying on complaints filed against Raymond in other cases was disclosed late and will not be admitted.  Accordingly, Abel Womack's motion *in limine*, ECF No. 209, is **GRANTED**.

---

[1] This late disclosure would be entirely different and likely accepted by the Court if Ms. Wasilewski had disclosed the nature of the analysis her expert intends to apply to these other lawsuits before the close of discovery.  However, Abel Womack has indicated that it has no sense of the type of analysis Mr. Heath intends to perform.  Mot. to Strike Suppl. Expert Disclosure 3, ECF No. 209 (describing the late disclosure as presenting "an entirely new subject matter that was not previously disclosed… and on which Defendant has not had the opportunity to cross-examine Mr. Heath… Moreover, Plaintiff['s] supplemental disclosure is an unadorned list of cases, with no description of their relevance, and no disclosure of whether and how Mr. Heath has relied upon the list cases in forming his opinions.").

### III.   Plaintiff's Motions *in Limine* Relating to the Presence of a Door (ECF Nos. 216, 226, 234, 236, 240)

Ms. Wasilewski has made a number of motions *in limine* that relate to evidence about the presence of a door in forklifts.  One of her theories of the case is that Raymond should have included a door on its forklift.  The Court will address each of the motions in turn.

### a.   Plaintiff's Motion *in Limine* Regarding Defendant's Awareness of Serious Injuries Caused by Doors on Standup Forklifts (ECF No. 226)

Ms. Wasilewski seeks to preclude evidence and argument about fatalities or serious injuries caused by the presence of doors on forklifts.  Mot. *in Limine*, ECF No. 226.  She argues that such accidents are either fabricated or undocumented and that the evidence Abel Womack intends to produce on this topic is irrelevant, prejudicial, and inadmissible hearsay.  *Id.* at 2.  However, she does not identify any particular exhibits or testimony that she would like to exclude, nor she explain why such an exclusion of any particular exhibits or testimony would be appropriate.  The issue of whether having a door on a forklift has caused any injuries or fatalities relates to whether the forklift at issue in this case is unreasonably dangerous, which is a question for the jury to decide.  *See Potter*, 241 Conn. at 214 (noting that the Connecticut Supreme Court has long held that a plaintiff must show that the product at issue is "unreasonably dangerous" to prevail in a product liability action).

As noted above, if these other accidents are sufficiently similar to the accident in this case, evidence of them may also be admissible to prove "the existence of a particular physical condition, situation, or defect."  *Hall*, 213 Conn. at 451-52 (citation and internal quotation marks omitted); *accord Ajaka v. Branick Indus., Inc.*, Nos. 94 CIV. 0316(DC), 94 CIV. 0137 (DC), 1996 WL 103973, at *2 (S.D.N.Y. Mar. 11, 1996) ("Evidence of similar accidents may be admissible to prove knowledge, the existence of a defect, causation, or to rebut a claim of

impossibility if the prior accident is sufficiently similar to the one at issue.") (citing Fed. R. Evid. 404(b)).  That said, admitting evidence of numerous other accidents in this trial would be inefficient and confuse the jury with largely unrelated facts.  The Court does not yet have a sense of the volume of other accident evidence the parties intend to admit or how much extra time the introduction of such accidents will take.

Accordingly, this motion is **DENIED** without prejudice to renewal with respect to specific accidents at trial.

### b.  Plaintiff's Motion *in Limine* Regarding Evidence of Other Forklift Manufacturers Having Doors (ECF No. 234)

Ms. Wasilewski moves to prohibit Abel Womack from introducing evidence and argument that Raymond did not have doors on its forklifts because no other manufacturer of forklifts has doors on its forklifts.  Mot. *in Limine*, ECF No. 234.  She argues that evidence of other manufacturer's decisions is irrelevant, because Raymond's Rule 30(b)(6) witness testified that Raymond did not consider the conduct of other manufacturers in determining whether a door should be placed on the forklift at issue in this case.  *Id.* at 2-3; Fed. R. Civ. P. 30(b)(6).  She also argues that Abel Womack should not be permitted to use this evidence as "state of the art" evidence because it will unnecessarily confuse the jury.  Mot. *in Limine* 3-4, ECF No. 234.  "State of the art" evidence is "what is technologically feasible" for manufacturers at the time the product at issue was made.  *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. 199, 250 (1997) (citation omitted).

Testimony of a Rule 30(b)(6) witness whom Raymond designated is binding on Raymond.  *See* Fed. R. Civ. P. 30(b)(6); *A&E Prods. Grp. L.P. v. Mainetti USA Inc.*, No. 01 Civ. 10820(RPP), 2004 WL 345841, at *6 (S.D.N.Y. Feb. 25, 2004) (citing 8A Charles A. Wright *et al.*, *Federal Practice and Procedure* §2013 (2d ed. 1984)).  Abel Womack does not dispute that

Raymond's Rule 30(b)(6) witness testified that it does not consider design choices of its competitors in making design decisions. However, the Connecticut Supreme Court has held that evidence of what other manufacturer's do is relevant to the determination of whether a product is unreasonably dangerous, and in particular the risk-utility calculus necessary to that inquiry. *Potter*, 241 Conn. at 252-53 (citations omitted). The fact that Raymond, according to its binding 30(b)(6) witness, did not directly consider what the design decisions of other manfacturers does not make such evidence irrelevant. Indeed, "[i]n weighing a product's risks against its utility, the focus of the jury should be on the product itself, and not on the conduct of the manufacturer." *Id.* at 222 (citation omitted).

Ms. Wasilewski does not explain otherwise why such evidence should not be admissible. Accordingly, this motion is **DENIED** without prejudice to renewal at trial.

### c. Plaintiff's Motion *in Limine* Regarding Injuries or Deaths that Would Have Resulted From Having a Door (ECF No. 236)

Ms. Wasilewski moves to exclude so-called "speculation" as to how the presence of a door on the forklift at issue in this case would have caused injuries or deaths if the forklift tipped over or fell off docks. Mot. *in Limine*, ECF No. 236. She argues such evidence is irrelevant, prejudicial, and lacks a sufficient scientific basis. *Id.* at 2.

The Court finds that such evidence is relevant as it relates to the relative safety of a design choice. *See Potter*, 241 Conn. at 214 (plaintiff must show that the product at issue is "unreasonably dangerous" to prevail in a product liability action); *see also Hall*, 213 Conn. at 451-52 (evidence of other accidents are admissible in product liability cases in some circumstances) (citation omitted). Moreover, Abel Womack suggests that two experts will testify about this evidence. Without more specific allegations of how this evidence is

unscientific, the Court cannot preclude it under Federal Rule of Evidence 702 at this time.

Accordingly, this motion is **DENIED** without prejudice to renewal at trial.

### d.   Plaintiff's Motion *in Limine* Regarding the Amount of Time a Door Adds to Egress Time (ECF No. 240)

Ms. Wasilewski has moved to preclude evidence or argument that having a door on

Raymond's forklift would add to a driver's egress time.  Mot. *in Limine*, ECF No. 240.

Specifically, she seeks to exclude Exhibits 527 and 528.  She argues that the probative value of

this evidence is outweighed by its prejudicial effect, because Ms. Wasilewski's accident involved

a collision with a rack and was unrelated her egress time.  *Id.* at 2.  The Court disagrees.

Egress time may relate to the relative safety of Raymond's design decision to exclude

doors, as part of the risk-utility calculus.  *See Potter*, 241 Conn. at 219-20 (incorporating analysis

of the risk-utility of design decisions into the modified consumer expectations test that assesses

liability for a design defect).  To the extent that Exhibits 527 and 528 are not based on Raymond

forklifts, but those made by competitors, they may still be relevant if those machines are

sufficiently similar to the forklift at issue in this case.  *See Hall*, 213 Conn. at 451-52.

Accordingly, this motion is **DENIED** without prejudice to renewal at trial.

### e.   Plaintiff's Motion *in Limine* Regarding Reason For Not Including a Door (ECF No. 216)

Ms. Wasilewski asks that Abel Womack be precluded from introducing evidence and

arguments that a door was not included on the forklift at issue in this case because of dangers

associated with the forklift going off loading docks or tipping over.  Mot. *in Limine*, ECF No.

216.  She argues that, because in her accident, the forklift did neither of these things, the

evidence is irrelevant and prejudicial.  *Id.* at 2.  She also contends that the videos which she

believes will be introduced in support of this theory constitute "junk science" because they used

dummies which "take no evasive or self-protective actions" and, therefore, are poor comparators for human operators. *Id.* at 3-4. Finally, she argues that many of the proposed exhibits are hearsay.

First, it appears likely that at least some of these videos will be introduced by one of Abel Womack's experts. As noted above, expert witnesses may testify to opinions based on hearsay or other inadmissible evidence where experts in that field reasonably rely on such evidence in forming their opinions. *See Daubert*, 509 U.S. at 595; *see also* Fed. R. Evid. 703 advisory committee's note (2000). Thus, the fact that the videos are hearsay does not make them inadmissible. *See* Fed. R. Evid. 703, advisory committee's note (2000) (noting that a jury may consider information that is otherwise inadmissible, if an expert reasonably relies on that information, the jury only considers the information "in evaluating the expert's opinion," and the evidence's probative value exceeds any prejudicial effect).

Second, the Court finds that this evidence is relevant to the issues the jury will decide in this case, because it is probative of the feasibility and safety of an alternative design. *See Potter*, 241 Conn. at 221. Moreover, it is for the jury to decide the facts of how the accident occurred. At this stage, there is no basis for the Court to invade the jury's province on this question. Therefore, there is no basis for the Court to conclude that the accidents in these videos are not sufficiently similar to the accident at issue here to be relevant.

Third, to the extent that these videos involve forklifts manufactured by a company other than Raymond, so long as Abel Womack can demonstrate the products in the video are similar to the forklift at issue, they are relevant and admissible. *See e.g.*, *Ames v. Sears, Roebuck & Co.*, 8 Conn. App. 642, 651-53 (Conn. App. Ct.) (affirming the district court's decision to admit a video

13

showing the operation of a later model of the product at issue, accompanied by a limiting instruction), *cert. denied*, 201 Conn. 809 (1986); *see also generally Hall*, 213 Conn. at 451-52.

Finally, the Court does not believe that these videos are so insufficiently reliable that they constitute inadmissible "junk science." In assessing whether expert testimony is reliable, the Court looks to whether "(1) [ ] the testimony is grounded on sufficient facts or data; (2) [ ] the testimony 'is the product of reliable principles and methods'; and (3) [ ] 'the witness has applied the principles and methods reliably to the facts of the case.'" *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (citing Fed. R. Evid. 702). The use of a dummy, rather than a real person, is not a reason that these videos are "junk science." Indeed, it is hard to imagine crash testing involving something that approximates a real person more closely. Any concerns that Ms. Wasilewski has about these videos misleading the jury are properly addressed on cross-examination, rather than through exclusion. *See generally Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") (citation omitted).

Accordingly, Ms. Wasilewski's motion to exclude evidence and testimony about simulations where a forklift tips over or leaves a loading dock is **DENIED** without prejudice to renewal at trial.

### f.   **Plaintiff's Motion** *in Limine* **Regarding Clark (ECF No. 221)**

Ms. Wasilewski seeks to preclude evidence, namely Exhibits 537 and 538, and argument that Abel Womack's competitor, Clark, does not provide doors on its forklifts. Mot. *in Limine*, ECF No. 221. She argues that the evidence is hearsay and that Clark machines are insufficiently similar to Raymond for Clark's position on doors to be relevant to the disposition of this case.

14

*Id.* at 2.  Abel Womack argues that the evidence is relevant and that its expert, Edward Caulfield, will provide a foundation for that relevance during his testimony.  Opp. Br. 2-3, ECF No. 254.

As noted above, the fact that these exhibits are hearsay does not necessarily make them inadmissible if they are a basis for a proper expert opinion.  *See Daubert*, 509 U.S. at 595; *see also* Fed. R. Evid. 703 advisory committee's note (2000).  The Court also does not have sufficient information about the Raymond forklift to know whether it is sufficiently similar to the Clark forklift to make comparisons in design decisions relevant.  *See Hall*, 213 Conn. at 451-52.  If Abel Womack can lay a proper evidentiary foundation for the admission of these exhibits at trial, they may be admitted.  As a result, this motion is **DENIED** without prejudice to renewal at trial.

###### IV.      Defendant's Motion *in Limine* No. 13 (ECF No. 185)

Abel Womack seeks to exclude testimony and documents suggesting that a pallet intruding into the operator's compartment of the Model 21 forklift at issue in this case caused Ms. Wasilewski's injuries.  Mot. *in Limine* No. 13, ECF No. 185.  It argues that such evidence is prejudicial, constitutes hearsay, lacks a sufficient foundation in personal knowledge, and is not appropriate lay witness opinion testimony.  Def.'s Br. 1, ECF No. 185-1 (citing Fed. R. Evid. 403, 602, 701, 802).

Granting this motion would preclude Ms. Wasilewski from offering evidence on a crucial theory of her case.  The Court will not admit at trial hearsay or evidence introduced without a proper foundation.  *See e.g.*, Fed. R. Evid. 602 (personal knowledge of topics of witness testimony required), 701 (setting limits on lay witness opinion testimony), 802 (hearsay is not admissible).  However, the Court leaves Ms. Wasilewski to her proof at this stage.  Accordingly, this motion is **DENIED** without prejudice to renewal at trial.

### V.       Defendant's Motion *in Limine* No. 14 (ECF No. 208)

Abel Womack seeks an order precluding Ms. Wasilewski from calling six witnesses at trial who were disclosed two weeks after the filing of the trial memorandum.  Mot. *in Limine* No. 14, ECF No. 208.  Abel Womack indicates that these witnesses did not appear in Ms. Wasilewski's initial disclosures, and that only two of them were mentioned at all during discovery.  Def.'s Br. 3, ECF No. 208-1.  In her opposition, Ms. Wasilewski does not dispute these facts.  Opp. Br., ECF No. 280.  Nor does she explain or justify the delay in disclosing these witnesses.  *Id.*

The Standing Order governing trial memoranda in this District requires a trial memorandum to include the names of all witnesses who will testify at trial and indicates that "[w]itnesses not listed, except rebuttal and impeachment witnesses, will not be permitted to testify at trial, except for good cause shown."  Standing Order Regarding Trial Memoranda in Civil Cases, http://www.ctd.uscourts.gov/sites/default/files/local_rules/Revised%20Local%20 Rules%2011-15-2012.pdf (last visited Jan. 14, 2016).  Federal Rules of Civil Procedure 26(a) and 26(e) also place an obligation on parties throughout discovery to disclose individuals or documents they may use to support their case.  Under Federal Rule of Civil Procedure 16, the Court may sanction a party that "fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).  Such sanctions may include the preclusion of a witness from testifying at trial, if the failure to disclose was not harmless or substantially justified.  *See Napolitano v. Compania Sud Americana De Vapores*, 421 F.2d 382, 385-86 (2d Cir. 1970) (upholding a district court's preclusion of testimony at trial from witnesses who were not disclosed in accordance with the court's order on pre-trial procedures); *see also* Fed. R. Civ. P. 37(c)(1) ("a party [that] fails to provide information or identify a witness as required by Rule 26(a) or (e)… is not allowed to use

16

that information or witness to supply evidence on a motion, at a hearing, or at a trial, under the failure was substantially justified or is harmless.").

The Court agrees with Abel Womack that it was not made aware sufficiently of four of these witnesses during discovery.  As such, it would need to depose these individuals in the weeks before trial, which would burden the preparation of its defense substantially.  *See Szarmach v. Sikorsky Aircraft*, No. Civ.3:01CV699(PCD), 2002 WL 32506292, at *1-2 (D. Conn. Apr. 15, 2002) (granting a motion to exclude witnesses disclosed by the plaintiff after the filing of the trial memorandum because plaintiff did not explain the delay sufficiently and allowing their testimony would prejudice the defendant by requiring seven depositions "days before a trial").  The four witnesses who were not even disclosed during discovery cannot testify.

That prejudice is significantly less for the two witnesses who were mentioned during discovery.  *See EMI Music Marketing v. Avatar Records, Inc.*, 334 F. Supp. 2d 442, 445-46 (S.D.N.Y. 2004) (allowing witnesses to testify who were timely included in pre-trial disclosures but were not formally disclosed during discovery because defendant was made aware of them during discovery and, therefore, could not claim unfair surprise).  Because Abel Womack knew about these witnesses during discovery, it had an opportunity to depose these witnesses and be prepared to address any testimony they might give.

Accordingly, Abel Womack's motion to exclude these six additional witnesses is **GRANTED IN PART** and **DENIED IN PART**.  The two witnesses previously disclosed during discovery will be permitted to testify at trial.  Indeed, Ms. Wasilewski has offered to make these witnesses available for deposition prior to trial, to the extent Abel Womack desires.  Opp. Br. 1, ECF No. 280.  The four witnesses not disclosed during discovery may not testify.

## VI.     Defendant's Motion to Strike Exhibits 160 and 161 (ECF No. 210)

Abel Womack asks the Court to exclude Exhibits 160 and 161 as hearsay under Federal Rule of Evidence 802.  Mot. to Strike Exs. 160-61, ECF No. 210.  These exhibits consist of two expert reports filed in other cases.  *Id.* Ms. Wasilewski agrees that these reports should not be submitted to the jury, but argues that her expert, Mr. Heath, intends to rely on them in support of his opinions.  Opp. Br., ECF No. 282.

Federal Rule of Evidence 703 enables experts to base on an opinion on inadmissible evidence so long as "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject."  An expert may also rely on data from other cases or studies that he did not collect himself.  *Rondout Valley Cent. Sch. Dist.v. Coneco Corp.*, 321 F. Supp. 2d 469, 479 (N.D.N.Y. 2004) ("[A]n expert does not have to conduct his own tests and may rely upon data that he did not personally collect.") (citing, among others, *Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 94-95 (2d Cir. 2000)).  Thus, if Mr. Heath is using these other reports for their data, the Court will allow him to do so.  If he is relying on the ultimate opinions in these reports, or if they contain data or information not within his field of expertise, the Court is skeptical that he may appropriately rely on them.  *See e.g.*, *Fed. Housing Fin. Agency v. Nomura Hldg. Am., Inc.*, No. 11cv6201(DLC), 2015 WL 539489, at *10 (S.D.N.Y. Feb. 10, 2015) ("Defendants offer no precedent for the proposition that an expert in one field may blindly rely on reports prepared for other cases by non-testifying experts in other fields.").

The Court will await Mr. Heath's testimony at trial in order to determine how he intends to use these reports before determining whether he may do so.  This motion is **DENIED** without prejudice to renewal at trial.

### VII.    Plaintiff's Motions *in Limine* Regarding Third-Party Standards

Ms. Wasilewski has moved to exclude evidence and argument about a number of safety standards or opinion written by third parties.  The Court will analyze each of these motions.

### a.    Plaintiff's Motion *in Limine* Regarding ANSI/ASME Opinions (ECF No. 212)

Ms. Wasilewski seeks to exclude evidence and arguments about the opinion of the American Society of Mechanical Engineers ("ASME," currently known as "ANSI") on doors in standup forklifts.  Mot. *in Limine*, ECF No. 212.  She argues that documents Abel Womack intends to introduce from ASME are hearsay, are not properly authenticated, and that no witness disclosed in the trial memorandum can properly authenticate them.  *Id.* at 2.

Abel Womack argues that the documents are admissible under the business record exception or that one of its experts will testify about them as a basis for his opinions.  Opp. Br. 2-3, ECF No. 251.  In support of its hearsay argument, Abel Womack has provided a declaration from a current member of the relevant ASME/ANSI sub-committee stating, based on personal knowledge, that these documents "reflect the regularly conducted activity" of the organization and that they are periodically revised.  Rogers Decl. ¶9, ECF No. 251-1.

The Court agrees with Abel Womack that these documents are admissible as business records.  To fall under the business records exception to the prohibition on hearsay, the documents must be made at or near the time by someone with knowledge and made and kept in the regularly conducted activity of a business or organization.  *See* Fed. R. Evid. 803(6).  Abel Womack has shown that it can meet these requirements.  Accordingly, Ms. Wasilewski's Motion *in Limine* to preclude evidence regarding ASME/ANSI recommendations is **DENIED**.

### b. Plaintiff's Motion *in Limine* Regarding Interpretations of Third-Party Safety Regulations (ECF No. 227)

Ms. Wasilewski asks that the Court preclude Abel Womack from offering evidence and argument as to how ASME interprets portions of its safety standards for forklifts.   Mot. *in Limine*, ECF No. 227.  In particular, she asks the Court to exclude Exhibit 566.  *Id.*  She argues that this document is inadmissible hearsay and not properly authenticated.  *Id.* at 2.

Abel Womack argues that the document containing ASME's interpretations of its safety standards is admissible as a business record.  Opp. Br. 3, ECF No. 255.  It has also submitted a declaration indicating that interpretations of the ASME standard are made by individuals with sufficient knowledge and kept in the course of the regularly conducted business of that organization.  Rogers Decl. ¶9, ECF No. 255-1.  The Court agrees that this document satisfies the requirements for a business record.  *See* Fed. R. Evid. 803(6).  Ms. Wasilewski has also failed to explain how the document is not properly authenticated.

Accordingly, the motion to preclude ASME's interpretation of its standards is hereby **DENIED**.

### c. Plaintiff's Motions *in Limine* Regarding Regulatory Guidelines (ECF No. 224)

Ms. Wasilewski also asks that Abel Womack be precluded from introducing evidence or argument regarding design standards of the Occupational Safety and Health Administration ("OSHA"), ANSI/ASME, or any other regulatory guidelines that apply to forklifts in the United States.  Mots. *in Limine*, ECF No. 224.  In particular, she asks the Court to exclude all arguments suggesting that third-party safety regulations prohibit doors on standup forklifts, because she contends that no such standards exist.  *Id.* at 2.  She also argues that such evidence is irrelevant and prejudicial.  *Id.* at 2.  The Court disagrees.

To the extent that any of these standards relate to the dangerousness of the forklift, they are relevant and admissible.  *See Potter*, 241 Conn. at 214 (plaintiff must show that the product at issue is "unreasonably dangerous" to prevail in a product liability action).  A jury may consider compliance with third-party regulations "as a factor in determining whether the product is defectively designed..."  *Wagner v. Clark Equip. Co.*, 243 Conn. 168, 190 (1997) (finding that evidence that a product was in compliance with OSHA regulations could be considered by the jury in evaluating whether the product was defectively designed).  In addition, the Court will not exclude any particular interpretations by counsel of those guidelines at this time.

Accordingly the motion seeking to exclude evidence of third-party regulatory guidelines, ECF No. 224, is **DENIED** without prejudice to renewal at trial.

### d.  Plaintiff's Motion *in Limine* Regarding OSHA's Training Requirements (ECF No. 230)

Ms. Wasilewski moves to preclude evidence and argument that OSHA regulations require that forklift operators be trained to exit forklifts in "tip overs and off dock events."  Mot. *in Limine*, ECF No. 230.  She argues that there is, in fact, no such OSHA regulation but that there is a portion of the "preamble" to regulation which appears to make such a recommendation.  *Id.* at 2.  Abel Womack opposes this motion.  Opp. Br., ECF No. 257.

The Court finds that if Abel Womack can lay a proper foundation for this evidence and show that such training related to the accident at issue in this case or to whether the Raymond forklift was unreasonably dangerous, it is entitled to present such evidence at trial.  It will not be permitted to misrepresent the content or nature of those regulations.  But the Court has insufficient information at this time to determine whether they will actually do so.  Accordingly, this motion is **DENIED** without prejudice to renewal at trial.

### e.   Plaintiff's Motion *in Limine* Regarding Government Contractor Standards (ECF No. 223)

Ms. Wasilewski asks the Court to prohibit Abel Womack from offering evidence and argument that Raymond's decision to not include a door on its forklift was in compliance with military specifications and standards for standup forklifts.  Mot. *in Limine*, ECF No. 223.  She argues that because the end-user of the forklift, Rite Aid, was not a military entity, Raymond's compliance with military specifications is not relevant and any slight probative value is outweighed by the likely prejudicial effect of the evidence.  *Id.* at 2.  She also argues that the military specifications themselves are hearsay and, therefore, are inadmissible.  *Id.*

If these specifications relate to the relative safety of having a door on a standup forklift, they are relevant to the disposition of this case.  The Court will allow them to be admitted into evidence so long as Abel Womack can establish a proper foundation and show that a hearsay exception applies.  If they do not clearly relate to an element that Ms. Wasilewski must prove in this case, testimony about them will not be permitted.  *See* Fed. R. Evid. 402, 403.  The Court currently lacks sufficient information about the military specifications, and any anticipated testimony about them, to determine their relevance at this time.  Accordingly, the motion is **DENIED** without prejudice to renewal at trial.

### VIII.   Plaintiff's Motions *in Limine* Regarding Assumption of Risk (ECF No. 213) and Comparative Responsibility (ECF No. 215)

Ms. Wasilewski asks the Court to order the exclusion of all mention or evidence of her assumption of risk in operating the forklift because it was an inherently dangerous machine. Mot. *in Limine*, ECF No. 213.  In support of her motion, she argues that assumption of risk is not a recognized affirmative defense to product liability under Connecticut Law.  *Id.* at 2.  In a separate motion regarding comparative responsibility, she also asks that the Court preclude Abel

Womack from arguing that if the jury finds that she was negligent that she is completely barred from recovering any damages.  Mot. *in Limine*, ECF No. 215.

Some commentators believe that the applicability of the common law defense of assumption of risk is unclear as a matter of Connecticut law.  *See* 1-17 Frederic S. Ury & Neal L. Moskow, *Connecticut Torts: The Law and Practice* §17.04(4) (2015) (observing that the status of this defense "remains murky" because a higher court has yet to address the issue and superior courts have issued divergent rulings).  However, this Court agrees with Ms. Wasilewski that Connecticut General Statutes section 52-572l abolished assumption of risk as a complete defense to liability in strict tort liability cases.  *See Norrie v. Hell Co.*, 203 Conn. 594, 600 (1987).

Abel Womack argues that this statute only applies to negligence actions and that it does not apply to actions under the CPLA.  Opp. Br. 2, ECF No. 265.  It cites only one Connecticut Superior Court case in support of this argument, *Martens v. Wild Bill Surplus*, NO. CV 94-539091S, 1995 Conn. Super. LEXIS 1870 (Conn. Super. Ct. June 20, 1995), which the Court does not find persuasive.  The Court has found persuasive authority to the contrary.  *See Kelly v. Deere & Co.*, 627 F. Supp. 564, 565 (D. Conn. 1986) (noting that the defense available under Connecticut law is "narrower than the common-law defense of assumption of the risk"); *accord Stevenson v. Kettler Int'l, Inc.*, FSTCV055000357, 2006 Conn. Super. LEXIS 2416, at 12-13 (Conn. Super. Ct. Aug. 14, 2006); *see also American Law of Products Liability 3d* §40:37 (3d ed. 2015) (noting that "most jurisdictions that have adopted a form of comparative negligence" have also generally not allowed contributory negligence to completely bar recovery).  In addition, the plain language of section 52-572l indicates that it applies to "strict tort liability cases." Accordingly, Abel Womack cannot present evidence or argument indicating that the common

law assumption of risk defense operates to completely bar Ms. Wasilewski's recovery in this case.

The Connecticut Supreme Court has expressly allowed defenses that are narrower than the common law assumption of risk doctrine, namely that the plaintiff misused a product or knowingly used a defective product. *Norrie*, 203 Conn. at 600. Abel Womack argues that the former defense applies here because Ms. Wasilewski used the forklift in a way that was inconsistent with her training. Opp. Br. 3-4, ECF No. 265. To the extent Abel Womack can show that Ms. Wasilewski misused the forklift, it is entitled to present evidence on this defense.

Finally, Ms. Wasilewski also asks that Abel Womack be precluded "from arguing that any fault by Plaintiff bars her from recovery." Mot. *in Limine* 3, ECF No. 213. Similarly, in her motion regarding comparative responsibility, she also asks that Abel Womack be prohibited from arguing that if the jury finds her negligent that she is completely barred from recovery. Mot. *in Limine*, ECF No. 215. The parties both agree that Connecticut is a pure comparative negligence state, meaning any negligence that Abel Womack can prove on Ms. Wasilewski's part would reduce her amount of recovery but not entirely preclude recovery. *See Barry v. Quality Steel Prods., Inc.*, 280 Conn. 1, 20-21 (2006); *see also* Conn. Gen. Stat. §52-572o(a).

Consistent with the above reasoning, the Court **GRANTS IN PART** the motion regarding assumption of risk, ECF No. 213, and will not allow Abel Womack to instruct the jury or otherwise argue a common law assumption of risk defense as a complete defense. To the extent that motion requests other relief, those requests are **DENIED IN PART** without prejudice to renewal at trial. The Court also **GRANTS** the motion regarding comparative responsibility, ECF No. 215, precluding arguments by Abel Womack that if a jury finds Ms. Wasilewski

contributorily negligent, she may not recover any damages.  However, the Court notes that if the jury finds that Ms. Wasilewski is 100% responsible, she will not be able to recover.

### IX.    Plaintiff's Motion *in Limine* Regarding Collateral Sources (ECF No. 214)

Ms. Wasilewski moves the Court to order the exclusion of any evidence or argument regarding so-called collateral sources that paid or could pay for her medical bills, such as insurance, social security, and worker's compensation benefits.  Mot. *in Limine*, ECF No. 214 (citing Conn. Gen. Stat. §52-225a).  She argues that such matters must be addressed after a verdict and by the Court, not the jury, under Connecticut law.  *Id.* at 2.  Abel Womack agrees that Connecticut has a so-called collateral source rule and that the rule applies to preclude any mention of insurance and worker's compensation benefits.  Opp. Br. 2, ECF No. 266.  However, it argues that it may present evidence of social security and disability insurance benefits because they are not covered by this rule.  Opp. Br. 2-3, ECF No. 266.

Connecticut's collateral source statute provides that, where liability is found in any action seeking damages for personal injury, the Court "shall reduce the amount of" an economic damages award by the total amount the plaintiff has received from "collateral sources," regarding the same injury.  Conn. Gen. Stat. §§52-225a(a)-(b).  The Connecticut Supreme Court has held that social security disability benefits are not a collateral source within the meaning of the statute.  *Schroeder v. Triangulum Assocs.*, 259 Conn. 325, 342-44 (2002).  It has also held that the collateral source rule applies to "various [ ] contractual insurance payments, such as [ ] disability."  *Haynes v. Yale-New Haven Hosp.*, 243 Conn. 17, 24 (1997).

That said, it is not clear to the Court why evidence of any of these other sources of income is relevant to the jury at any phase.  *See* Fed. R. Evid. 402, 403.  The collateral source statute instructs the Court to reduce the damages award and not the jury.  Accordingly, the

motion is **GRANTED** in its entirety.  Abel Womack cannot mention any income Ms.

Wasilewski may get from insurance, worker's compensation, or social security.  The Court will

address any specific collateral source issues after the jury has issued any damages award.

> **X.    Plaintiff's Motion *in Limine* Regarding Annuities (ECF No. 222)**

Ms. Wasilewski asks the Court to prohibit Abel Womack from arguing that the amount of

any judgment she may receive should be reduced because she can purchase an annuity.  Mot. *in*

*Limine*, ECF No. 222.  She argues that this evidence is irrelevant and prejudicial.  *Id.* at 2.  The

Court agrees and does not understand how Ms. Wasilewski's ability to purchase or have

purchased an annuity is relevant to the amount of damages to which she may be entitled.  *See*

Fed. R. Evid. 402, 403.  Accordingly, the motion is **GRANTED**.

> **XI.   Plaintiff's Motion *in Limine* Regarding Argument that Abel Womack is Not a Manufacturer (ECF No. 217)**

Ms. Wasilewski seeks an order prohibiting Abel Womack from arguing or introducing

into evidence that it is not a manufacturer and, therefore, should not be liable for design defects

in the forklift at issue in this case.  Mot. *in Limine*, ECF No. 217.  Under Connecticut law,

distributors and sellers of defective products may be held liable for injuries that result from their

use.  *See* Conn. Gen. Stat. §52-572n(a) (authorizing product liability lawsuits to be brought

against sellers of defective products).  Accordingly, Abel Womack cannot argue that as a

distributor or seller of the forklift at issue, it cannot be held liable.  However, the Court does not

believe it would be appropriate or helpful for the jury to preclude evidence of the fact that Abel

Womack did not manufacture the forklift at issue.  Rather, the jury must be clearly instructed on

the law and how it applies to parties like Abel Womack.

Accordingly, the motion is **GRANTED** in that Abel Womack may not argue that it cannot be held liable as a seller of the forklift.  It is **DENIED** in that Abel Womack may present evidence that it did not manufacture, but rather sold the product at issue.

### XII.   Plaintiff's Motion *in Limine* Regarding Effect of a Verdict (ECF No. 218)

Ms. Wasilewski seeks an order prohibiting Abel Womack from offering evidence or argument relating to the "effect of a verdict on the defendant and the community."  Mot. *in Limine*, ECF No. 218.  She explains that she would like to preclude references to insurance premiums, employment of members of the community, and the price of forklifts.  *Id.* at 2.

Ms. Wasilewski cites no law or rules of evidence justifying her request.  Moreover, the issue of the price of forklifts, if it relates to the cost of alternative designs, is relevant to the disposition of this case.  *See Potter*, 241 Conn. at 221 (noting that the jury may consider the "financial cost of an improved design" and the feasibility of such a design).   This motion is **DENIED** without prejudice to renewal at trial.

### XIII.   Plaintiff's Motion *in Limine* Regarding Rite Aid's Findings of Causation (ECF No. 219)

Ms. Wasilewski asks the Court to preclude evidence, namely Plaintiff's Exhibits 4 and 5, and argument relating to Rite Aid's finding that her injury was caused by her error of backing into a rack.  Mot. *in Limine*, ECF No. 219.  She argues this conclusion is irrelevant and that the authors of the written reports bearing this conclusion are not qualified to provide expert testimony under Federal Rule of Evidence 702.  *Id.* at 2.  She also contends that the reports are hearsay and prejudicial.  *Id.*

Abel Womack has not filed a brief in opposition to this motion.  However, the Court does not believe it is appropriate to grant this motion.  The ultimate cause of the accident may relate to whether the forklift was defective.  Thus, this evidence is relevant.

In addition, this evidence may be presented as lay opinion evidence, even if it cannot be presented as expert opinion.  *See* Fed. R. Evid. 701 (allowing lay witnesses to testify in the form of an opinion provided such testimony is limited to opinions which are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding of the witness's testimony or to determining a fact in issue; and (c) not based on scientific… knowledge within the scope of Rule 702").  Any concerns about prejudice such testimony will bring may be cured through a sensible jury instruction.  Accordingly, this motion is **DENIED** without prejudice to renewal at trial.

### XIV.   Plaintiff's Motion *in Limine* Regarding Expert Duane Anderson (ECF No. 220)

Ms. Wasilewski seeks to exclude anticipated testimony from Duane Anderson, an Emergency Medical Technician who responded to the accident at issue in this case, and an "ambulance report."  Mot. *in Limine*, ECF No. 220.  She contends that his testimony will include what he heard about the Plaintiff's injury from Bonnie Cusson, one of the Plaintiff's co-workers, as well as his opinion as to how the Plaintiff was injured.  *Id.* at 2.  She argues that the former is hearsay and the latter is an improper expert opinion.  *Id.*

The Court agrees with Abel Womack that this motion is premature and will assess Mr. Anderson's testimony, as it occurs, at trial.  The Court will not allow him to testify to hearsay.  His opinion on Ms. Wasilewski's injury may be admissible as lay witness opinion.  *See* Fed. R. Evid. 701.  Again, any concerns about prejudice or confusion about the nature of such testimony may be addressed through a proper jury instruction.  The motion is **DENIED** without prejudice to renewal at trial.

### XV.   Plaintiff's Motion *in Limine* Regarding Raymond Corporation Consultants (ECF No. 225)

Ms. Wasilewski seeks to exclude evidence and argument regarding what Raymond's consultants told the corporation about the safety of its forklift design.  Mot. *in Limine*, ECF No. 225.  She argues that this evidence constitutes inadmissible hearsay because it will come either from prior trials or testimony by witnesses about what the consultants told them.  *Id.* at 2.

To the extent it can be presented in admissible form, evidence of the opinions of consultants on the safety of the forklift at issue in this case is relevant.  Because there are a myriad of hearsay exceptions that may apply, the Court lacks sufficient information to decide whether the evidence is admissible at this time.  Accordingly, this motion is **DENIED** without prejudice to renewal at trial.

### XVI.   Plaintiff's Motion *in Limine* Regarding References to this Case as "Litigation Lottery" (ECF No. 228)

Ms. Wasilewksi moves to preclude arguments and comments describing this case as an effort by her to win the lottery or the "litigation lottery."  Mot. *in Limine*, ECF No. 228.  Abel Womack does not oppose this motion.  Accordingly, the motion is **GRANTED**.

### XVII.  Plaintiff's Motions *in Limine* Regarding Marijuana Use (ECF No. 229)

Ms. Wasilewski moves to preclude evidence that either she or her husband used marijuana at the time she was injured.  Mot. *in Limine*, ECF No. 229.  Abel Womack opposes this motion and argues that this evidence relates to her ability to operate the forklift properly, given her frequent regular use.  Opp. Br. 2, ECF No. 273.  The Court agrees with Ms. Wasilewski that her husband's use of marijuana has no relevance to the matters at issue in this case.  Thus, such evidence must be excluded.  It also agrees that Ms. Wasilewski's general history of marijuana use is likely irrelevant and certainly is unduly prejudicial.  However, to the

extent that Abel Womack can show that her marijuana use affected her ability to drive the forklift on the day of the accident, such evidence may be relevant.  The Court will allow Abel Womack an opportunity to lay a foundation for this evidence.

Accordingly, the motion is **GRANTED** with respect to Ms. Wasilewski's husband's marijuana use.  It is **DENIED** with respect to Ms. Wasilewski without prejudice to renewal at trial.

### XVIII. Plaintiff's Motion *in Limine* Regarding A Prior Warning (ECF No. 231)

Ms. Wasilewski seeks to exclude evidence about a prior disciplinary warning she received, documented in Exhibit 510.  Mot. *in Limine*, ECF No. 231.  She argues that this evidence is irrelevant and prejudicial, as well as an inappropriate attack on her character.  *Id.* at 2.  The parties present the nature of the disciplinary report somewhat differently but agree that it involves a prior accident with a cart.

Evidence of prior bad acts is not admissible to prove a particular character trait to show that on a particular occasion, that person acted in accordance with that character trait.  *See* Fed. R. Evid. 404(b)(1).  Accordingly, Abel Womack cannot introduce the disciplinary report to show that Ms. Wasilewski was an unsafe forklift driver and, therefore, responsible for the accident that occurred in this case.

Rule 404(b)(2) provides, however, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Abel Womack does not indicate how Ms. Wasilewski's prior disciplinary incident relates to any of these permissible purposes.  That said, if Ms. Wasilewski introduces evidence of her reputation or character as a good forklift driver, Abel Womack may offer evidence of this incident to rebut that evidence.  *See* Fed. R. Evid. 405(a)

(authorizing inquiry "into relevant specific instances" of a person's conduct on cross-examination if testimony about a person's reputation or character is offered first).

Accordingly, unless Ms. Wasilewski introduces evidence about her reputation as a safe forklift operator, Abel Womack cannot use this prior disciplinary report as evidence.  The motion is provisionally **GRANTED**, but the Court will reconsider its ruling if Ms. Wasilewski introduces evidence of her character or reputation as a safe, responsible forklift driver.

### XIX.   Plaintiff's Motion *in Limine* Regarding Possible Use of Damages (ECF No. 232)

Ms. Wasilewski moves to preclude evidence and argument regarding her possible use of any damages that she receives in this action or the idea that receiving money will not "undo" her injuries.  Mot. *in Limine*, ECF No. 232.  Abel Womack opposes this motion.  Opp. Br., ECF No. 275.  However, in doing so, it does not provide any sense of how this evidence will be relevant to the disposition of this case.  Accordingly, the motion is **GRANTED** because this evidence is irrelevant and prejudicial.  *See* Fed. R. Evid. 402, 403.

### XX.   Plaintiff's Motion *in Limine* Regarding the Inspection of the Forklift (ECF No. 233)

Ms. Wasilewski asks this Court to prohibit Abel Womack from presenting any evidence about the failure to inspect the forklift at issue in this case.  Mot. *in Limine*, ECF No. 233.  She argues that her injuries were caused by design defects, not by any forklift malfunction.  *Id.* at 2.  Thus, evidence of any failure to inspect, in her view, is irrelevant.  *Id.* Abel Womack opposes this motion and explains that this motion likely targets evidence showing that Rite Aid required its forklift operators, like Ms. Wasilewski, to inspect them according to a safety checklist before using them and that Ms. Wasilewski failed to do so on the day of her accident.  Opp. Br. 2, ECF No. 276.

The Court concludes that if Abel Womack can show that such an inspection related to the accident, it should be entitled to present evidence about this requirement and Ms. Wasilewski's failure to comply with it.  At this time, however, the Court does not yet know what is on the safety checklist and how that list related to either party's theory of how the accident occurred. Accordingly, this motion is **DENIED** without prejudice to renewal at trial.

### XXI.   Plaintiff's Motion *in Limine* Regarding Non-Party Fault (ECF No. 235)

Ms. Wasilewski has moved to prohibit Abel Womack from offering evidence or argument that any entity or individual, other than the Plaintiff, was responsible for the accident at issue in this case.  Mot. *in Limine*, ECF No. 235.  She argues that in negligence cases, a defendant cannot introduce a "special defense" of contributory negligence as a matter of law.  *Id.* at 2.  She also argues that if the Court finds Abel Womack may assert such a defense, it has failed to comply with statutorily required procedures required to assert the defense.  *Id.* at 2.  In particular, Ms. Wasilewski contends that Abel Womack is precluded from introducing evidence that other third parties, including Rite Aid, are responsible for this accident, because it had not served them with "apportionment complaints" under Connecticut General Statutes section 52-102b.  *Id.*  Abel Womack argues that it can assert the defense and that the statutory procedures Ms. Wasilewski references do not apply.  Opp. Br. 2-3, ECF No. 277.

Rite Aid has intervened as a plaintiff in this case for the limited purpose of seeking reimbursement for the workers' compensation payments that it was required to make to Ms. Wasilewski.  Rite Aid Intervenor Compl., ECF No. 15; *see also* Conn. Gen. Stat. §31-293(a). "[A]n employer who has intervened in the case to recoup workers' compensation benefits paid to a plaintiff is not a 'party' against which proportional liability may be assigned under §52-572o." *Barry v. Quality Steel Prods., Inc.*, 280 Conn. 1, 14 (2006).  As the Connecticut Supreme Court

explained in *Barry*, since the Workers' Compensation Act prohibits the injured plaintiff in this context from recovering any damages from his or her employer, allowing a jury to consider the employer's conduct for apportioning liability would create unwieldy consequences.  *Id.* at 15; *see also* Conn. Gen. Stat. §31-284 ("[a]n employer who complies with [ ] subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment"); *see generally Bouley v. Norwich*, 222 Conn. 744, 751-52 (1992) (explaining the policy justifications behind this aspect of the worker's compensation scheme), *superseded by statute on other grounds*, Conn. Gen. Stat. §38a-336(f), *as recognized in Conzo v. Aetna Ins. Co.*, 243 Conn. 677, 680-81 (1998).  It "would in effect either deprive the plaintiff[ ] of the full amount of [his] net award or strip the employer of its bargained-for exclusivity under the Workers' Compensation Act."  *Barry*, 280 Conn. at 15.

Abel Womack nevertheless argues that evidence of Rite Aid's conduct should be admissible at trial, citing *Archambault v. Soneco/Northeastern, Inc.*, 287 Conn. 20 (2008).  The Court disagrees.  In *Archambault*, plaintiff brought suit against his employer directly under a narrow exception to the exclusivity provision of the Workers' Compensation Act.  *Id.* at 26.  In other words, the Workers' Compensation Act did not preclude the plaintiff from suing his employer in *Archambault* and the plaintiff not only could recover damages from his employer but also expressly named it as a defendant. That is not the situation here.  Rite Aid has appeared in this case solely as an intervening plaintiff and is not a "party" to this case under *Barry*. Moreover, there has been no suggestion that Ms. Wasilewski can recover damages from Rite Aid.  *Archambault*, therefore, is distinguishable and *Barry* controls.

At this time, Abel Womack has not indicated that it plans to introduce evidence of Rite Aid's conduct for any purpose other than trying to show that Rite Aid was responsible for the

accident at issue in this case.  Accordingly, consistent with *Barry*, Abel Womack cannot introduce any evidence of Rite Aid's conduct or negligence in the trial of this action.  *See Barry*, 280 Conn. at 15; *see also* Fed. R. Evid. 402, 403.  Ms. Wasilewski's motion is **GRANTED** with respect to Rite Aid.

To the extent that Abel Womack intends to present evidence that the actions of other third parties were responsible for the accident at issue in this case, the Court does not have enough information to decide whether such evidence is admissible.  Accordingly, the remainder of Ms.Wasilewski's motion is **DENIED** without prejudice to renewal at trial.

### XXII.  Plaintiff's Motion *in Limine* Regarding Statistics (ECF No. 237)

Ms. Wasilewski moves to preclude evidence and argument regarding statistics of injury rates.  Mot. *in Limine*, ECF No. 237.  She argues that because these statistics contain data from various kinds of forklifts, including those that differ significantly from the standup forklift at issue in this case, they will be too misleading and prejudicial for the jury to hear.  *Id.* at 2. Abel Womack opposes this motion because, it argues, Ms. Wasilewski has failed to specify precisely which evidence she seeks to exclude.  Opp. Br. 2, ECF No. 256.

The Court agrees with Abel Womack that it requires more context and information about the statistics to be presented to determine whether they will prejudice the jury.  Ms. Wasilewski's motion also does not address why her concerns about the misleading nature of the statistics could not be addressed on cross-examination.  Accordingly, the motion is **DENIED** without prejudice to renewal at trial with respect to specific evidence.

### XXIII. Plaintiff's Motion *in Limine* Regarding Surveys of Users (ECF No. 238)

Ms. Wasilewski has moved to exclude Exhibits 579 and 580, which relate to surveys of forklift users conducted by one of Abel Womack's experts.  Mot. *in Limine*, ECF No. 238.  She

argues that the exhibits constitute inadmissible hearsay and "junk science." *Id.* at 2. Abel Womack opposes this motion, arguing that this information relates to Raymond's "state of mind" when it made design decisions about the forklift at issue. Opp. Br. 2-3, ECF No. 264.

At this time, these survey results appear to be hearsay that do not fall into an applicable exception to the prohibition on hearsay. However, as noted above, an expert may testify about materials constituting hearsay where experts in that field reasonably rely on such evidence in forming their opinions. *See Daubert*, 509 U.S. at 595; *see also* Fed. R. Evid. 703 advisory committee's note (2000). As noted above, such evidence may also be admissible in some circumstances for the limited purpose of assisting the jury in understanding the expert's testimony. *See* Fed. R. Evid. 703 advisory committee's note (2000). The Court does not know enough information about how these surveys will be introduced to know whether they cannot be admissible under any circumstance. Accordingly, the motion is **DENIED** without prejudice to renewal at trial.

### XXIV. Plaintiff's Motion *in Limine* Regarding Taxation of Damages (ECF No. 239)

Ms. Wasilewski has moved to preclude evidence and argument that personal injury awards are not taxable. Mot. *in Limine*, ECF No. 239. She argues that this evidence is irrelevant and prejudicial. *Id.* at 2. Abel Womack has not opposed this motion. The Court also does not see the relevance of whether any damages Ms. Wasilewski's may be awarded are taxable. Accordingly, the motion is **GRANTED**. Abel Womack cannot introduce evidence or argument regarding the taxation of any damages award made in this case.

### XXV.  Conclusion

For all of the foregoing reasons, motions *in limine*, ECF Nos. 209, 214-15, 222, 228, 231-32, and 239, are **GRANTED**. As specified above, motions *in limine*, ECF Nos. 208, 213, 217,

229, and 235, are **GRANTED IN PART** and **DENIED IN PART.**  Motions *in limine*, ECF Nos.

212 and 227, are **DENIED**.  Motions *in limine*, ECF Nos. 183-85, 210, 216, 218-21, 223-26,

230, 233-34, 236-38, and 240, are specifically **DENIED** without prejudice to renewal at trial.

SO ORDERED at Bridgeport, Connecticut this 14th day of January 2016.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE