UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERRY WASILEWSKI,<br>        Plaintiff, | |
| v. | CASE NO. 3:10-cv-1857 (VAB) |
| ABEL WOMACK, INC.,<br>        Defendant. | |

## RULING ON MOTIONS RELATING TO JUDGMENT

Plaintiff, Terry Wasilewski, brought this action seeking relief under the Connecticut Product Liability Act, Conn. Gen. Stat. §52-572m *et seq*. Fourth Am. Compl., ECF No. 160-1. She claimed that a defective forklift, manufactured by Raymond Corporation ("Raymond") and sold and serviced by the Defendant Abel Womack, Inc. ("Abel Womack"), caused her serious injury due to its defective design while she was employed at Rite Aid Corporation ("Rite Aid"). After a jury trial, Ms. Wasilewski received a verdict in her favor of $805,000 for past and future medical expenses, $465,000 for past and future lost earnings, and $4,000,000 in non-economic damages, for a total verdict of $5,270,000. Jury Damages Verdict Form, ECF No. 382.

The parties have filed various motions seeking to increase or decrease the amount of the award before the Court enters judgment. Abel Womack has filed a motion seeking to decrease the verdict under the collateral source rule, which Ms. Wasilewski opposes. Mot. to Amend/Correct Verdict by Collateral Source, ECF No. 371. Ms. Wasilewski seeks prejudgment interest under Connecticut General Statutes section 52-192a. Mot. to Amend Verdict/Judgment to Add Prejudgment Interest, ECF No. 388. Abel Womack opposes this request and asks the Court to strike Ms. Wasilewski's offer of compromise, thereby precluding her from recovering prejudgment interest. Mot. for Remittitur and To Strike Plaintiff's Offer of Compromise, ECF

1

No. 399.  Finally, Abel Womack has asked the Court to reduce the non-economic damages award, because, it argues, it is excessive.  *Id.*

For the reasons that follow, Abel Womack's motion to reduce the jury award by amounts already paid by collateral sources is **GRANTED**, and its motion regarding remittitur and striking the offer of compromise is **DENIED**.  Ms. Wasilewski's motion seeking prejudgment interest is **GRANTED**.

I. **Abel Womack's Collateral Source Motion**

Abel Womack has moved to reduce Ms. Wasilewski's economic damages award to account for medical expenses that were paid for by collateral sources.  Mot to Amend/Correct Verdict by Collateral Source, ECF No. 371.  Collateral sources include "any payments made to the claimant, or on his behalf, by . . . [a]ny health or sickness insurance . . . or [ ] any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services." Conn. Gen. Stat. §52-225b.  In a personal injury case, Connecticut General Statutes section 52-225a(a) authorizes the Court to reduce a plaintiff's economic damages award by the amount of any collateral source payments, less any amount paid by the plaintiff to secure those benefits.  *Jones v. Kramer*, 267 Conn. 336, 338-39, 345 (2004).  Applying the collateral source rule requires balancing the desire to prevent a plaintiff from "obtaining double recoveries" against the goal of awarding damages— to restore an injured plaintiff to his original position as closely as possible.  *Id.* at 347.

The parties agree that if the Court is to reduce the verdict by collateral source payments, it should do so by $60,170.80.  But Ms. Wasilewski argues that Abel Womack is not entitled to reduce the verdict by collateral source payments.  Pl.'s Opp. Br. 3-5, ECF No. 387.  For the

reasons that follow, the Court disagrees and reduces the jury verdict by the collateral source payments of $60,170.80.

In opposing Abel Womack's motion, Ms. Wasilewski relies on *Jones v. Kramer*, where the Connecticut Supreme Court declined to apply the collateral source rule to reduce a jury verdict where it was unclear what precise expenses the jury had awarded as damages. 267 Conn. at 347-49. In *Jones*, the jury awarded a total of $15,000 in economic damages[1], without differentiating between medical expenses and lost wages.[2] *Id.* at 339-40, 349. The Supreme Court reasoned that it could not apply the collateral source rule to the verdict, because it could not determine what items of medical expenses the damages verdict included. *Id.* at 349-51. Thus, it had no way to know whether the jury awarded damages for items that were paid for by collateral sources. The Court held that the burden lay with the defendant to show that the jury awarded damages for the items paid for by collateral sources by submitting "interrogatories to the jury concerning the specific items of damages included within the verdict." *Id.* at 350; *Pukulski v. Waterbury Hosp. Health Ctr.*, 269 Conn. 1, 9 (2004) ("[T]he burden is on the defendant, as the party seeking a collateral source reduction, to submit interrogatories to the jury concerning the specific items of damages included within the verdict.").

Ms. Wasilewski argues that the Court cannot apply the collateral source rule in this case, because Abel Womack did not ask the Court or the jury to award separate amounts for past and future medical expenses and did not submit the interrogatories described in *Jones*. Pl.'s Opp. Br. 4-5, ECF No. 387.[3] She contends that, without at least one of these items, the Court has no way to determine whether the jury awarded damages for items covered by collateral sources.

---

[1] The plaintiff in *Jones* claimed more than $30,000 in medical expenses and $10,000 in lost wages. *Jones*, 267 Conn. at 339-40.
[2] The collateral source rule does not apply to lost wages. *Jones*, 267 Conn. at 349.
[3] Abel Womack did not raise any concerns with the Court about the damages verdict form submitted to the jury.

3

The Court disagrees. First, this case differs from *Jones* because the jury awarded separate amounts for medical expenses and lost wages. Thus, there is no risk, as there was in *Jones*, that a collateral source reduction will apply to lost wages. Second, the jury awarded an amount greater than the total of all of Ms. Wasilewski's past and future medical bills. Thus, it must have awarded damages for all of the costs covered by collateral sources.

A number of Connecticut Superior Court cases have reasoned that, where it is clear that the jury awarded all of the medical expenses on which a plaintiff submitted evidence, the Court may apply the collateral source rule consistent with *Jones*, even if the defendant does not submit interrogatories or otherwise ask the jury to itemize the precise bills or injuries justifying its damages award. *See e.g.*, *Ventura v. Town of East Haven*, No. CV085024235S, 2015 WL 1588816, at *6 (Conn. Super. Ct. Mar. 13, 2015) (applying collateral source rule where defendant did not present interrogatories envisioned by *Jones* itemizing which medical expenses were included in the past economic damages award because "the only evidence presented to the jury, upon which they could award past economic damages, was the plaintiff's medical bills" and it was clear, based on the amount of past economic damages awarded, that the verdict included those medical bills in its award); *Saraceno v. Hartford Ins. Co. of Midwest*, No. CV010811755S, 2004 WL 3049759, at *2 (Conn. Super. Ct. Nov. 24, 2004) (collateral source rule could be applied without interrogatories envisioned by *Jones* where a "jury's figure of economic damages [must have] include[d] all of the bills [ ] in the plaintiff's summary of medical bills and nothing in addition."); *Perillo v. Jacobs*, No. CV066000215S, 2009 WL 1333920, at *13-14 (Conn. Super. Ct. Apr. 20, 2009) (applying collateral source rule, despite the fact that the defendant did not present *Jones* interrogatories to the jury, because there was "no doubt involved in interpreting what losses the jury's award is intended to compensate for—since a jury cannot

award damages for which no evidence has been presented"); *Furlong v. Merriman*, No. HHBCV044000416S, 2006 WL 1461112, at *9 (Conn. Super. Ct. May 4, 2006) (applying collateral source rule where plaintiff did not submit interrogatories under *Jones* but it was "clear what the jury awarded concerning the plaintiff's claimed medical expenses"). However, a number of other trial courts have read *Jones* differently. *See e.g.*, *Frohloff v. Demkowicz Mgmt.*, No. CV106004321, 2013 WL 951146, at *4 (Conn. Super. Ct. Feb. 4, 2013) (refusing to apply the collateral source rule where jury awarded precisely the amount of past and future economic damages requested by plaintiff because there was insufficient evidence to calculate the collateral source reduction); *Pouliot v. Paul Arpin Van Lines, Inc.*, 235 F.R.D. 537, 552 (D. Conn. 2006) (holding that *Jones* "unconditionally requires a defendant seeking a collateral source reduction to submit . . . interrogatories to the jury.").

Given the importance of preventing double recovery, the Court will apply the collateral source rule here. Courts should not apply the collateral source rule where there is a risk of over-deduction. *Jones*, 267 Conn. at 349 ("[T]o apply a collateral source reduction… the trial court must know the specific types of damages that were awarded by the jury."); *cf. Brown v. Safeco Ins. Co.*, No. FSTCV126012717S, 2014 WL 4815465, at *4 (Conn. Super. Ct. Aug. 18, 2014) (observing where *Jones* interrogatories were submitted that "[t]here can always be a greater level of detail sought—the issue is the adequacy of information provided, and whether it is sufficient to allow the court to calculate, properly, the amount (if any) of the collateral source reduction... The statutory scheme, as interpreted in *Jones* and *Pikulski*, requires the court to be satisfied that it is matching a collateral source payment with expenditures that are related to an element of damages awarded by the jury….").

Here, there is no such risk. As mentioned above, both parties agree, as a matter of fact, that collateral sources paid for $60,170.80 of Ms. Wasilewski's past medical expenses. The jury awarded $805,000 for Ms. Wasilewski's past and future medical expenses. Jury Damages Verdict Form, ECF No. 382.[4] A summary of Ms. Wasilewski's medical bills admitted into evidence shows that her past medical bills totaled $623,162.21. Pl.'s Trial Ex. 158; *see also* Trial Tr. 1298:23-1299:22, ECF No. 393 (Ms. Wasilewksi testifying about Exhibit 158 and the amounts she paid in medical bills). The evidence also showed that Ms. Wasilewski would incur future medical expenses of $1,820.22 per year and an additional $12,686.91 every three years. Pl.'s Trial Ex. 109; Trial Tr. 1387:7-15 (admitting Exhibit 109 into evidence), 1388:13-1389:20 (explaining the basis for the figures provided in Exhibit 109), ECF No. 394. The Court instructed the jury that it could find that Ms. Wasilewski would live another twenty-seven years. Trial Tr. 1468:11-17, ECF No. 394. Applying her annual and triennial costs over that time period would result in future medical expenses of $163,328.13. The total of these past and future medical expenses is $786,490.34.[5]

The fact that the jury's award for past and future medical expenses exceeded $786,490.34 means, unequivocally, that the jury included all of Ms. Wasilewski's past medical bills in its award. To find otherwise would require also concluding that the jury's verdict was not based on the evidence and law applicable to this case. *See Jones*, 267 Conn. at 350 n.7 ("It is axiomatic… that in every tort action, the fact finder may award economic damages only if the plaintiff has proven those damages to a reasonable certainty and has shown that the defendant had proximately caused the damages."); *see also Champagne v. Raybestos-Manhattan, Inc.*, 212

---

[4] The jury also decided that comparative responsibility did not apply to this case. Jury Liability Verdict Form, ECF No. 381.
[5] In his closing statement, Ms. Wasilewski's counsel asked the jury to award $786,490.34 for past and future medical expenses, which represents the sum of $623,162.21 and $163,328.13. Trial Tr. 1445:2-6, ECF No. 394.

Conn. 509, 532 (1989) ("Our purpose in assessing damages for civil wrongs is to 'compensate' a plaintiff for his injuries.") (citations omitted).

Because the jury awarded Ms. Wasilewski all of her past medical expenses that were in evidence, there can be no question it awarded damages for all of the items paid for by collateral sources. Accordingly, Abel Womack's motion seeking a reduction in the verdict to account for collateral source payments is **GRANTED**. The Court applies the collateral source rule and reduces the jury verdict by $60,170.80, resulting in a total of $5,209,829.20.

## II. Abel Womack's Request for Remittitur

Abel Womack asks the Court to reduce the jury's non-economic damages award of $4,000,000. Mot. for Remittitur and To Strike Plaintiff's Offer of Compromise, ECF No. 399; Jury Damages Verdict, ECF No. 382. Abel Womack argues that this award is excessive. Mot. for Remittitur and To Strike Plaintiff's Offer of Compromise 7-8, ECF No. 399.

Because the Court has diversity jurisdiction over this case, Connecticut law governs the question of remittitur. *Munn v. Hotchkiss Sch.*, 795 F.3d 324, 335 (2d Cir. 2015) (citation omitted). Under Connecticut law, "[t]o determine whether to grant remittitur, a trial court must evaluate 'whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury [was] influenced by partiality, prejudice, mistake or corruption.'" *Munn*, 795 F.3d at 335 (second alteration in original) (citing *Birgel v. Heintz*, 163 Conn. 23, 28 (1972)). In undertaking this inquiry, the Court must view the evidence in the light most favorable to sustaining the verdict. *See Saleh v. Ribeiro Trucking, LLC*, 303 Conn. 276, 289-90 (2011).

The Court is not persuaded that remittitur is appropriate here. In this case, trial evidence showed that Ms. Wasilewski suffered serious, painful injuries that caused her leg to be

amputated. These injuries have a significant impact on her daily life. Moreover, damages for pain and suffering included within this $4,000,000 figure are "peculiarly within the province of the trier," and there is no mathematical formula for determining an appropriate amount. *Manning v. Michael*, 188 Conn. 607, 616 (1982) (citations omitted). The Court cannot say that $4,000,000, given the serious and permanent nature of the injuries in this case, shocks its sense of justice.

Abel Womack argues that remittitur is appropriate in this case because many courts have remitted smaller awards. Mot. for Remittitur and To Strike Plaintiff's Offer of Compromise 7-8, ECF No. 399. However, it does not explain how these cases are similar to this one, nor does it cite any particular aspects of the evidence from this case that would justify remittitur here. More is required to show entitlement to remittitur. *See Saleh*, 303 Conn. at 283 (requiring a district court to identify "very clear, definite and satisfactory reasons" or "a very clear and striking case of indubitable wrong" for remittitur) (citations and internal quotation marks omitted). Accordingly, Abel Womack's Motion for Remittitur of the $4,000,000 non-economic damages award is **DENIED**.

To the extent that Abel Womack seeks remittitur of the jury's economic damages award, that request is also denied. The jury awarded $18,509.66 more for past and future medical expenses than the evidence, as described above, showed.[6] However, the jury was expressly permitted to consider inflation, thus, this extra $18,509.66 may be attributable to inflation. Trial Tr. 1468:18:20, ECF No. 394; *Schwarz v. Waterbury Pub. Market, Inc.*, 6 Conn. App. 429, 438 (1986) (holding jury was permitted to take inflation into account when determining personal injury damages award) (citing *Kiniry v. Danbury Hosp.*, 183 Conn. 448, 457-58 (1981)). Trial

---

[6] As noted above, Ms. Wasilewski's counsel asked the jury to award $786,490.34 for past and future medical expenses, which represents the sum of $623,162.21 and $163,328.13. The medical bills and calculations in evidence supported these latter two amounts. The jury awarded $805,000 in past and future medical expenses.

courts should remit jury verdicts only when it is clear that the jury has included damages that are "contrary to law, not supported by proof, or contrary to the court's explicit and unchallenged instruction." *Tomczuk v. Alvarez*, 184 Conn. 182, 188 (1981). Because the Court cannot determine that this additional $18,509.66 was unsupported by law and evidence, it denies Abel Womack's request to remit Ms. Wasilewski's economic damages by that amount.

### III. Ms. Wasilewski's Request for Prejudgment Interest

Ms. Wasilewski seeks prejudgment interest under Connecticut General Statutes section 52-192a. This statute authorizes a plaintiff to recover eight percent annual interest on a jury verdict if he or she has made an offer of compromise that the defendant refused and that offer was equal to or lower than the verdict. Conn. Gen. Stat. §52-192a(c). In this case, the parties do not dispute that Ms. Wasilewski offered Abel Womack $3,000,000 to settle the case in December 2011 or that the offer complied with the statute's procedural requirements. Sealed Offer of Judgment, ECF No. 88; Pl.'s Ex. 1, Letter dated Dec. 2, 2011 and Offer of Judgment, ECF No. 388-1. Abel Womack did not accept this offer and, after trial, the jury returned a verdict of $5,270,000. Accordingly, Ms. Wasilewski appears to be eligible to recover prejudgment interest under section 52-192a.

Abel Womack asks the Court to strike Ms. Wasilewski's offer of compromise, thereby preventing her from recovering prejudgment interest. Abel Womack argues that such a sanction is appropriate because Ms. Wasilewski's counsel acted in bad faith by sharing trial exhibits "less than 72 hours" before trial, withholding their theory of the case "until the last moment," and generally profiting from the delay between initial trial disclosures in March 2015 and the actual trial date nearly a year later. Mot. for Remittitur and To Strike Plaintiff's Offer of Compromise 5, ECF No. 399. This Court has authority to strike offers of compromise, if it finds that Ms.

Wasilewski's counsel violated court rules in bad faith or in a way that caused "significant prejudice" to Abel Womack. *See Yeager v. Alvarez*, 302 Conn. 772, 780-81, 790 (2011) (holding that it is within a trial court's discretion to strike an offer of compromise as a "penalty" for violating a discovery order, so long as the court found "bad faith or significant prejudice").

The Court finds that Abel Womack has failed to show that it would be appropriate to strike the offer of compromise in this case. In *Yeager*, the Connecticut Supreme Court adopted an "overarching principle of reasonable proportionality" to guide a trial court's determination of whether to strike an offer of compromise. *Id.* at 787. Abel Womack does not show how striking Ms. Wasilewski's offer of compromise is proportional to any of her counsel's conduct. The Court does not find that Ms. Wasilewski's counsel acted in bad faith. However, to the extent that there was any prejudice, or even bad faith, associated with the belated disclosure of evidence, the Court addressed these issues on numerous occasions by preventing this evidence from reaching the jury. *See e.g.*, Ruling on Motions *in Limine* at 16-17 (precluding the testimony of four witnesses disclosed after discovery had closed from testifying at trial), 7-8 (precluding the admission of a supplemental expert witness disclosure provided after discovery had closed), ECF No. 292; Trial Tr. 374:21-23, 374:25-375:3 ("If an opinion [Plaintiff's expert] wishes to offer was not offered in the reports that already were submitted, then I'm not going to allow him to offer it… His expert testimony is limited to the reports and disclosure[s] that were already made and there will be no exception to that."), 380:15-25, 398:8-399:23 (limiting the scope of Plaintiff's expert testimony to opinions he described in his written report), 381:8-12, 410:16-22, 468:1-2 (striking a reference to a late-disclosed animation exhibit), ECF No. 375.

Because the Court addressed any issues associated with Ms. Wasilewski's late disclosures of evidence through another sanction, it would not be consistent with the concept of

"reasonable proportionality" articulated in *Yeager* for the Court to provide additional relief for the same violation.  Thus, Abel Womack's request to strike Ms. Wasilewski's offer of compromise is **DENIED**.

Where all of the statutory requirements are met under Connecticut General Statutes section 52-192a, absent a showing of bad faith or prejudice that warrants striking an offer of compromise, awarding prejudgment interest is mandatory.  *Yeager*, 302 Conn at 782 (describing the trial court's role in applying this statute as "nondiscretionary" and "ministerial").  Because Ms. Wasilewski filed her offer of compromise within eighteen months of filing her Complaint, the interest must be computed from the date of the Complaint, or November 5, 2010.  Conn. Gen. Stat. §52-192a(c); Pl.'s Ex. 2, Superior Court Docket, ECF No. 388-2.  Ms. Wasilewski also agreed at the oral argument held on this motion that the Court should calculate any prejudgment interest on the verdict as reduced by collateral source payments.

Accordingly, the Court awards eight percent annual interest on $5,209,829.20, yielding a total interest of $2,254,071.86 from the date the Complaint was filed to the date of this Order. *See Willow Springs Condo. Ass'n v. Seventh BRT Dev. Corp.*, 245 Conn. 1, 55 (1998) (under section 52-192a, trial court shall award interest "from the date of the filing of a complaint to the date of judgment") (citation and internal quotation marks omitted).

**IV.   Conclusion**

For all of the foregoing reasons, Abel Womack's motion to reduce the verdict by collateral source payments, ECF No. 371, is **GRANTED**.  Ms. Wasilewski's motion for prejudgment interest, ECF No. 388, is also **GRANTED**.  Abel Womack's motion seeking remittitur and to strike Ms. Wasilewski's offer of compromise, ECF No. 399, is **DENIED**.

The Clerk is directed to enter judgment for Ms. Wasilewski in the amount of $7,463,901.06 and close the case.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of March 2016.

     /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge